[Cite as *State v. Cleveland*, 2023-Ohio-719.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                          No. 111890

    v.                                   :

JEFFERY CLEVELAND,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 9, 2023

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-21-664057-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

ANITA LASTER MAYS, A.J.:

{¶ 1} Defendant-appellant Jeffery Cleveland ("Cleveland") appeals the trial court's journal entry sentencing him to an indefinite prison term pursuant to the

Reagan Tokes Law ("Reagan Tokes Law"). After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} Cleveland pleaded guilty to one count of involuntary manslaughter, in violation of R.C. 2903.04(A), with a three-year firearm specification; and one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1). Cleveland was sentenced on the involuntary manslaughter count to 11 years imprisonment with an indefinite maximum term of 16.5 years. The three-year firearm specification on Count 1 was ordered to be served prior and consecutive to the 11 years. Cleveland also received five years' imprisonment on the felonious assault count, to be served consecutively to the other prison terms. The trial court sentenced Cleveland to a total prison sentence of 19 to 24.5 years, subject to the Reagan Tokes Law indefinite sentencing scheme.

{¶ 3} Cleveland filed this appeal assigning one error for our review:

I.     The modifications to sentencing for first- and second-degree felonies made by the Reagan-Tokes Act violate the Defendant's right to jury trial, as protected by the Fifth and Fourteenth Amendments to the United States Constitution, and the separation of powers doctrine embedded in the Ohio Constitution.

## I.     Law and Analysis

{¶ 4} In Cleveland's sole assignment of error, he argues that his sentence violates his right to a jury trial and the separation-of-powers doctrine, thereby violating his constitutional rights.

**{¶ 5}** Cleveland's assignment of error is overruled pursuant to this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.).

**{¶ 6}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Administrative Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.